UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARISE FOR SOCIAL JUSTICE;<br>¿OISTE?; NEW ENGLAND STATE-AREA<br>CONFERENCE OF THE NAACP;<br>REV. TALBERT W. SWAN, II;<br>NORMAN W. OLIVER; DARLENE<br>ANDERSON; GUMERSINDO GOMEZ;<br>FRANK BUNTIN; RAFAEL RODRIQUEZ;<br>and DIANA NURSE<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD<br>ELECTION COMMISSION,<br><br>Defendants. | Civil Action No 05-30080-MAP<br><br>**COMPLAINT, REQUEST FOR<br>INJUNCTIVE RELIEF AND JURY<br>DEMAND** |

## Preliminary Statement

1.   This is a voting rights action alleging that Black/African-American and Hispanic voters in the City of Springfield have had their voting power in elections for the Springfield City Council and School Committee unlawfully and unconstitutionally diluted by the at-large election system. Despite substantial growth in Springfield's minority population, which now constitutes over 55% of the City's total population and nearly half of its voting age population, the at-large election system prevents voters of color from equal participation in the political process, resulting in predominantly white candidates from certain neighborhoods with the largest number of white voters being elected. The at-large election system dilutes minority voting strength in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and intentionally and

arbitrarily violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Fifteenth Amendment to the United States Constitution. Defendants' actions deprive plaintiffs of equal voting power and prevent them from electing representatives of their choice. Plaintiffs seek, among other relief, injunctive and declaratory relief prohibiting the further utilization of an at-large system for electing members of the Springfield City Council and School Committee.

### Jurisdiction and Venue

2. Plaintiffs invoke the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 2201. This lawsuit is authorized by 42 U.S.C. §§ 1973j(f) and 1983.

3. Because the defendant resides in this district and a substantial part of the events or omissions giving rise to the claims herein occurred in this district, venue in this district is proper under 28 U.S.C. § 1391(b).

### Parties

4. Plaintiff Arise For Social Justice Inc., ("Arise") is a non-profit membership organization in Springfield, Massachusetts. Arise was started in 1985 and seeks to encourage voter participation in the political process. Arise members have been actively working to ensure that the political, economic, educational, social and medical concerns of the Black/African-American and Hispanic communities of Springfield are properly addressed by the elected officials on the City Council and School Committee. Arise brings this action to ensure that the votes of Black/African-American and Hispanic voters are given equal weight to the votes of white voters, and that all citizens have equal opportunity to participate in the political process and to elect representatives of their choice.

5. Plaintiff ¿OISTE? is a Massachusetts non-profit corporation organized to promote the social, political, and economic standing of Latinas and Latinos in Massachusetts, with a

principal place of business at 59 Temple Street, Boston, Massachusetts and a Springfield Office located at 233 Franklin Street, Springfield, MA. Its members include Latino citizens of Massachusetts who reside in Springfield and other cities and are otherwise eligible to vote.

6. The National Association for the Advancement of Colored People ("NAACP"), established in 1909, is the nation's oldest civil rights organization. The fundamental mission of the NAACP is the advancement and improvement of the political, educational, social, and economic status of minority groups; the elimination of racial prejudice; the publicizing of adverse effects of discrimination; and the initiation of lawful action to secure the elimination of racial and ethnic bias. The NAACP has a long history of working to ensure voting rights via litigation, legislative advocacy, voter registration, voter education, "get out the vote" activities, as well as election protection activities. Plaintiff New England State-Area Conference of the NAACP coordinates activities of the Massachusetts, Rhode Island, New Hampshire, Maine, and Vermont branches. Its purpose is to support policies and programs of the national organization, including increasing participation of African-Americans in the political process.

7. Plaintiff Rev. Talbert W. Swan, II, is an African-American citizen of the United States who is duly registered to vote in Massachusetts, residing in Springfield, Massachusetts.

8. Plaintiff Norman W. Oliver is an African-American citizen of the United States who is duly registered to vote in Massachusetts, residing in Springfield Massachusetts.

9. Plaintiff Gumersindo Gomez is a Latino citizen of the United States who is duly registered to vote in Massachusetts, residing in Springfield Massachusetts.

10. Plaintiff Darlene Anderson is an African-American citizen of the United States who is duly registered to vote in Massachusetts, residing in Springfield Massachusetts.

11. Plaintiff Frank Buntin is an African-American citizen of the United States who is duly registered to vote in Massachusetts, residing in Springfield, Massachusetts.

12. Plaintiff Rafael Rodriquez is a Latino citizen of the United States who is duly registered to vote in Massachusetts, residing in Springfield, Massachusetts.

13. Plaintiff Diana Nurse is a Black/Hispanic citizen of the United States who is duly registered to vote in Massachusetts, residing in Springfield, Massachusetts.

14. Defendant City of Springfield is a duly established and incorporated municipality within the Commonwealth of Massachusetts. It has an at-large system of governance. The City Council and School Committee are elected bi-annually by city-wide voting. The City of Springfield has the power of suing and being sued in its own name.

15. Defendant Springfield Election Commission works with the Election Office staff to ensure that elections are properly managed and conducted in accordance with City, State and Federal laws.

## FACTS

16. According to the 2000 census conducted by the United States Census Bureau ("2000 Census"), the City of Springfield had a total population of 152,082, with minorities making up 51.2% of the city's total population. Non-Hispanic whites comprised 48.8% of the population; Blacks/African-Americans comprised 19.6% of the population; and Hispanics comprised 27.2% of the population.

17. Between 1990 and 2000, the Non-Hispanic white population fell by 25.6%. During the same 1990 to 2000 period, the minority population grew by 36.2%. At the same time, the minority voting age population ("VAP") increased to 43.8% of the total Springfield VAP.

- 5 -

18. New census data shows even more gains for Blacks/African-Americans and Hispanics in Springfield. The most recent U.S. Census survey estimating 2003 population reports that the 2003 minority population in Springfield comprised 55.4% of the city's total population, up from 51.2% in 2000.

19. Springfield has the second largest Black/African-American and Hispanic population in Massachusetts. The 2000 Census showed that Blacks/African Americans and Hispanics are the two largest minority groups in Springfield.

20. Citizenship rates for Springfield Hispanics are among the highest in the state with more than 90% of its Hispanic population of Puerto Rican heritage.

21. There are nine members of the Springfield City Council, all elected at-large for two-year terms. Voters have nine votes. Springfield has used its traditional "winner take all" at-large system for City Council elections since 1961. It is one of only three cities in Massachusetts (with populations over 35,000) that still uses this outdated system. In 1967 Congress outlawed all at-large voting for use in any federal election because of the potential for discrimination.

22. Despite the fact that Springfield is today over 55% people of color, only two minorities serve on the nine member City Council. In fact, since 1963 only four African-Americans and only one Latino have ever been elected to the City Council.

23. In the last 10 years more than half of Springfield's City Councilors have come from just one of the city's eight wards, Ward Seven. Ward Seven is the ward with the largest percentage of white voters and the highest household income. Currently, four of the nine City Councilors are from Ward Seven.

24. The wards that are predominantly Black/African-American and Hispanic have no representation. For example, none of the City Councilors elected over the last 10 years live in

Wards 1, 3, 4, and 8, four of the five Springfield wards with the highest minority voting age populations

25. Although Black/African-American and Hispanic candidates for City Council consistently win or rank highly in five of the city's eight wards, Black/African-American and Hispanic candidates have had minimal success, far less than whites, winning seats on the City Council because of the at-large election system.

26. If there were ward representation in Springfield, additional Black/African-American and Hispanic candidates would likely be elected to the City Council and to the School Committee, and minority candidates would have more equal opportunity to compete in wards throughout the city.

27. There are six members of the Springfield School Committee, all elected at-large for four-year terms. Voters elect three members of the School Committee every two years. Voters have three votes and cast these votes under traditional winner-take-all voting rules. Five of the current six members are white.

28. Terms of the School Committee members are staggered, a voting practice that results in white voters who bloc vote having a greater opportunity to determine the winners. Whites have consistently won at least five of the six seats. The membership of the School Committee is in sharp contrast to the 2004-2005 K-12 school population, which as of October of 2004 was 50% Hispanic, 28% Black/African-American, and 19% White.

29. Approximately 55% of the eligible voting age population (VAP) in Springfield has been white, and there has been racially polarized voting, resulting in the defeat of viable minority candidates.

30. Candidates of color are discouraged from running for City Council and School Committee because of the history of racially polarized voting and the operation of the winner take all at-large election system, in addition to the high cost of running a city-wide campaign.

31. Springfield's Black/African-American and Hispanic voters are sufficiently numerous and geographically compact to create several districts for both City Council and School Committee with a significant majority of minority individuals of voting age and where white voters are not a majority and cannot determine the election outcome. This would enable Black/African American and Hispanic voters to have a greater and genuine opportunity to elect representatives of their choice.

32. Black/African-American and Hispanic voters in Springfield vote cohesively. The white population of Springfield votes cohesively as a bloc to support white candidates and defeat the electoral preferences of Springfield's minority voters.

33. For example, Springfield voters living in precincts with a large number of African-American and Hispanic voters were more likely than voters living in predominantly white precincts to vote for the minority candidates in the City Council and School Committee races. Voters in predominantly white precincts generally cast their ballots for white candidates.

34. The threshold requirements for winning elections are different for white and minority candidates in Springfield. White candidates are able to win seats without winning a single minority precinct. In contrast, Black/African-American and Hispanic candidates must win significant numbers of white precincts to get elected, even if they win all of Springfield's minority precincts.

35. In addition, Blacks/African-Americans and Hispanics share neighborhoods, common interests around education, jobs, health care, housing, culture and areas of commerce. The large majority of such minority population lives in similar and contiguous neighborhoods.

36. For over ten years, members of the Black/African-American and Hispanic communities in Springfield have repeatedly requested that the at-large election system be changed to a ward representation system, so as to prevent the continued dilution of the minority vote and enable minority voters to elect representatives of their choice.

37. In 1997 voters in Springfield passed a ballot initiative by a 58% margin, calling for ward elections and an end to the at-large voting system. Despite the wishes of the voters; despite the clear evidence of the dilution of the minority vote under the at-large system; and despite repeated promises by the Springfield City Council to change the at-large system, they have failed to do so. Councilors made election season pledges to support the will of the voters but later voted to reject the change to ward elections and to maintain the current at-large voting arrangement.

38. On March 7, 2005 the City Council voted against a proposal to have a binding referendum question placed on the November 2005 ballot, on the issue of changing the City Council's at-large election system.

39. The City of Springfield has a long-standing history of discrimination and inequality towards Black/African-American and Hispanic residents in the areas of education, employment, housing, health care, city services, police protection, and racial profiling.

40. Based on the totality of the circumstances, the at-large election system has diluted the voting strength of the named individual plaintiffs and other Black/African-American and Hispanic voters, has denied said plaintiffs and other Black/African-American and Hispanic

voters an equal opportunity to participate in the political process and to elect representatives of their preference, and has abridged the right of said plaintiffs and other Black/African-American and Hispanic voters to vote on account of their race, color and ethnicity.

41. Unless the at-large election system is declared to be unlawful, and defendant City of Springfield is enjoined from conducting future City Council and School Committee elections by use of an at-large system, plaintiffs and other Black/African-American and Hispanic voters will suffer irreparable harm.

## CLAIMS

### Count I
### Violation of the Voting Rights Act, 42 U.S.C. § 1973

42. Plaintiffs hereby reallege and incorporate herein by reference the preceding paragraphs of the Complaint, as if fully set forth herein.

43. The at-large voting system for the City Council and School Committee dilutes the voting strength of Black/African-American and Hispanic residents of Springfield and denies them an equal opportunity to participate in the political process and elect representatives of their choice. The at-large voting system results in a denial or abridgement of the plaintiffs' right to vote on account of their race, color, or ethnicity, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

### Count II
### Violation of the Equal Protection Clause of the Fourteenth Amendment

44. Plaintiffs hereby reallege and incorporate herein by reference the preceding paragraphs of the Complaint, as if fully set forth herein.

45. The winner-take-all at-large voting system and the efforts of defendants to maintain a system that does not allow Black/African-American and Hispanic voters an equal opportunity to elect representatives of their choice intentionally discriminates against

Black/African-American and Hispanic voters by diluting the weight of their votes in violation of the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution, resulting in a deprivation of the rights of plaintiffs and other Black/African-American and Hispanic voters to participate in the electoral process on an equal basis with white voters.

## Count III
### Violation of the Fifteenth Amendment

46.     Plaintiffs hereby reallege and incorporate herein by reference all preceding paragraphs of the Complaint, as if fully set forth herein.

47.     Springfield's at-large voting system utilizes a discriminatory winner-take-all voting method and staggered terms and, accordingly, unlawfully deprives and abridges the individual plaintiffs' and other Black/African-American and Hispanic voters' right to vote as guaranteed under the Fifteenth Amendment of the U. S. Constitution.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

1.     Declaring that the City of Springfield's at-large voting system for its City Council and School Committee violates Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments of the U. S. Constitution;

2.     Ordering preliminary and permanent injunctive relief enjoining defendants and their agents from conducting future elections for the Springfield City Council and School Committee utilizing the at-large voting system with its winner-take-all method, and ordering the establishment of district elections or a modified fair vote method for multi-member districts which comply with the Voting Rights Act and the Fourteenth and Fifteenth Amendments;

3.     Retaining jurisdiction of this action until such time as Springfield's voting system complies with the Voting Rights Act and the Fourteenth and Fifteenth Amendments;

4. Awarding plaintiffs reasonable attorneys' fees, costs, and other expenses of bringing and prosecuting this action, in accordance with 42 U.S.C. §§ 1973*l*(e) and 1988; and

5. Granting plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

By their attorneys,

Nadine Cohen (BBO # 090040)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW OF THE BOSTON BAR ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 988-0609

Paul E. Nemser (BBO #369180)
J. Anthony Downs (BBO #532839)
William J. Connolly III (BBO #634845)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Angela Ciccolo
Victor L. Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215-3297
(410) 580-5790

*Of Counsel*


Dated: April 5, 2005


LIBA/1523090.2

%JS 44 (Rev. 11/04) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Arise for Social Justice, et al

**(b)** County of Residence of First Listed Plaintiff  Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Paul E. Nemser
Goodwin Procter LLP    BBO: 369180
Exchange Place
Boston, MA 02109    Tel. 617-570-1000

### DEFENDANTS
City of Springfield;
Springfield Election Commission

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- [X] 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1973
Brief description of cause:
See Attachment A

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
None
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE April 5, 2005
SIGNATURE OF ATTORNEY OF RECORD /s/ Paul E. Nemser

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

305900

## Attachment A

This is a voting rights action alleging that Black/African-American and Hispanic voters, in the City of Springfield have had their voting power in elections for the Springfield City Council and School Committee unlawfully and unconstitutionally diluted by the at-large election system. Despite substantial growth in Springfield's minority population, which now constitutes over 55% of the City's total population and nearly half of its voting age population, the at-large election system prevents voters of color from equal participation in the political process, resulting in predominantly white candidates from certain neighborhoods with the largest number of white voters being elected. The at-large system dilutes minority voting strength in violation of Section 3 of the Voting Rights Act, and intentionally and arbitrarily violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Fifteenth Amendment to the United States Constitution. Defendants' actions deprive plaintiffs of equal voting power and prevent them from electing representatives of their choice. Plaintiffs seek, among other relief, injunctive and declaratory relief prohibiting the further utilization of an at-large system for electing members of the Springfield City Council and School Committee.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Arise for Social Justice, et al v. City of Springfield, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [X]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul E. Nemser, Esq.__
ADDRESS __Goodwin Procter, LLP, Exchange Place, Boston, MA 02109__
TELEPHONE NO. __617-570-1000__

(CategoryForm.wpd - 2/15/05)