UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE;<br>¿OISTE?; NEW ENGLAND STATE-AREA<br>CONFERENCE OF THE NAACP;<br>REV. TALBERT W. SWAN, II;<br>NORMAN W. OLIVER; DARLENE<br>ANDERSON; GUMERSINDO GOMEZ;<br>FRANK BUNTIN; RAFAEL RODRIQUEZ;<br>and DIANA NURSE<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD<br>ELECTION COMMISSION,<br><br>        Defendants. | Civil Action No. 05-30080 MFP |

**MOTION FOR EXPEDITED SCHEDULING CONFERENCE AND ENTRY OF
EXPEDITED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 26(d), plaintiffs hereby seek (i) an expedited Fed. R. Civ. P. 16(b) scheduling conference during the week of May 16, 2005; (ii) entry of an expedited scheduling order in the form attached hereto as Exhibit A; and (iii) leave to commence immediate discovery. Attached as Exhibit B are plaintiffs' first request for production of documents.

Shortly, plaintiffs intend to file a motion to preliminarily enjoin defendants and their agents from conducting future elections -- including the upcoming elections on November 8, 2005 -- utilizing Springfield's unlawful, discriminatory at-large voting system with its winner-take-all method. Springfield's at-large voting system has denied and will continue to deny Springfield's voters of color equal participation in the political process, in violation of Section 2

of the Voting Rights Act as well as the Fourteenth and Fifteenth Amendments to the United States Constitution. Plaintiffs ultimately seek the establishment of district elections or a modified fair vote method for multi-member districts which comply with the Voting Rights Act and the Constitution.

As set forth in the accompanying memorandum of law, an expedited schedule is appropriate and necessary in light of the upcoming elections. Plaintiffs' proposed schedule will, without unduly burdening defendants, afford the Court a meaningful opportunity to consider plaintiffs' motion for a preliminary injunction in advance of the November 8 elections. Plaintiffs have carefully tailored their discovery requests to the facts necessary to support their motion for a preliminary injunction. Absent an expedited schedule, plaintiffs will continue to suffer irreparable harm by operation of an electoral system that denies them equal participation in the political process.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies that they have conferred with defendants' counsel and have attempted in good faith to resolve or narrow the issues prior to the filing of this motion.

Respectfully submitted,

ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

        By their attorneys,

        _____/s/ Nadine Cohen_____
        Nadine Cohen (BBO #090040)
        LAWYERS' COMMITTEE FOR CIVIL RIGHTS
        UNDER LAW OF THE BOSTON BAR
        ASSOCIATION
        294 Washington Street, Suite 443
        Boston, MA 02108
        (617) 988-0609


        ___/s/ William J Connolly III_____
        Paul E. Nemser (BBO #369180)
        J. Anthony Downs (BBO #532839)
        William J. Connolly III (BBO #634845)
        GOODWIN PROCTER LLP
        Exchange Place
        53 State Street
        Boston, MA 02109
        (617) 570-1000

Angela Ciccolo
Victor L. Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215-3297
(410) 580-5790

*Of Counsel*

Dated: May 10, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE | ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | Civil Action No. 05-30080 MFP |
| v. | ) ) |  |
| CITY OF SPRINGFIELD and SPRINGFIELD ELECTION COMMISSION, | ) ) ) ) |  |
| Defendants. | ) ) |  |

## **SCHEDULING ORDER**

Having considered plaintiffs' Motion for Expedited Scheduling Conference and Entry of Expedited Scheduling Order, the Court orders the following:

(a) Plaintiffs' first request for the production of documents, attached as <u>Exhibit B</u> to plaintiffs' motion, shall be deemed served as of the date of this order.

(b) The Rule 16(b) initial scheduling conference shall take place during the week of May 16, 2005.

(c) Defendants shall serve their discovery requests by May 23, 2005.

(d) Plaintiffs shall file and serve their opening brief in support of their motion for a preliminary injunction by May 25, 2005.

(e) Defendants shall serve their responses to plaintiffs' first request for production of documents by May 27, 2005.

(f) Defendants shall file and serve their opening brief in response to plaintiffs' motion for a preliminary injunction by June 8, 2005.

(g) Plaintiffs shall serve their responses to defendants' discovery requests by June 10, 2005.

(h) Plaintiffs shall serve their expert reports by June 20, 2005.

(i) Defendants shall serve their expert reports by June 29, 2005.

(j) Fact discovery shall be completed by July 1, 2005.

(k) Expert depositions shall be completed by July 22, 2005.

(l) The parties shall simultaneously file and serve supplemental/reply briefs by August 11, 2005.

(m) The hearing on plaintiffs' motion for a preliminary injunction shall take place during the week of August 22, 2005.

Entered this __ day of May, 2005.

_____
Ponsor, J.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD ELECTION COMMISSION,<br><br>Defendants. | Civil Action No. 05-30080-MAP |

**PLAINTIFFS' FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS TO THE DEFENDANTS**

Pursuant to Fed. R. Civ. P. 26 and 34, plaintiffs Arise for Social Justice, ¿Oiste?, New England State Area Conference of the NAACP, Rev. Talbert W. Swan, II; Norman W. Oliver; Darlene Anderson, Gumersindo Gomez, Frank Buntin, Rafael Rodriquez, and Diana Nurse (collectively, "plaintiffs") hereby request that defendants City of Springfield and Springfield Election Commission produce for inspection and copying the documents specified in the Document Requests below.

**DEFINITIONS AND INSTRUCTIONS**

A.   "City of Springfield" and the pronouns "you" and "your" shall refer collectively to the City of Springfield, its elected and appointed officials, its employees, agents, agencies,

1

attorneys, elected representatives, or any other persons acting or purporting to act on the City of Springfield's behalf.

      B.      "Springfield Election Commission" and the pronouns "you" and "your" shall refer collectively to the Springfield Election Commission, its elected and appointed officials, its employees, agents, agencies, attorneys, elected representatives, or any other persons acting or purporting to act on the Springfield Election Commission's behalf.

      C.      The term "discrimination" as used herein refers to discrimination based on race or national origin and includes, but is not limited to, discrimination in education, employment, government benefits, housing, public safety, and voting.

      D.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests any information that might otherwise be construed not to be responsive to these document requests. The document requests set forth below are to be answered to the extent of all information that is or may be available to you or to any other person or entity that has acted or is now acting on your behalf.

      E.      In addition to the above definitions, plaintiffs specifically incorporate by reference the definitions set forth in Local Rule 26.5(c).

      F.      Where a document request does not specifically request a particular fact or particular information, but where such fact or information is necessary to make the answer to the document request comprehensible, complete, or not misleading, the document request is deemed to request such fact or information.

      G.      Each document request is to be construed independently and answered separately, fully, and completely, without reference to any answer to any other document request.

If you are unable to answer any of the following document requests fully and completely after exercising reasonable effort and due diligence to secure the requested information, please so state and answer each such document request to the fullest extent possible, specify the portion of the document request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the document request. If the information sought is in the possession of a person other than you, identify that person.

   H.  If you claim privilege, work product, or any other statutory or common law exemption as a ground for withholding any information called for by a document request, then set forth with respect to each such piece of information or document facts of sufficient specificity to permit the Court to determine the validity of the claim of privilege, work product, or other exemption.

   I.  These document requests are deemed to be continuing so as to require you to supplement your responses promptly in the event that you obtain additional responsive information or documents.

## DOCUMENT REQUESTS

   1.  All documents concerning complaints, grievances, petitions, threatened lawsuits, lawsuits, or governmental investigations which allege discrimination within the City of Springfield.

   2.  All documents that demonstrate the City of Springfield's response(s) to concerns relating to allegations of discrimination within the City of Springfield.

3. All documents concerning consent decrees or orders of any federal or state court, or any administrative body, since 1960 which have been ordered or agreed upon to rectify past or present discrimination by the City of Springfield.

4. All documents concerning racial polarization in connection with the election of representatives to the City Council and/or School Committee since 1980.

5. All documents concerning the causes or effects of discrimination within the City of Springfield or Hampden County, including, but not limited to, any and all reports which reflect research conducted with respect to these concerns.

6. All documents concerning complaints or concerns regarding the at-large election system utilized in the City of Springfield including, but not limited to, complaints by members of the Black/African-American and/or Hispanic communities.

7. All documents concerning whether a ward representation system should be instituted for election of the City Council or School Committee within the City of Springfield.

8. All documents concerning complaints or concerns regarding official conduct at polling places in the City of Springfield since 1980, including, but not limited to, complaints by members of the Black/African-American and/or Hispanic communities.

9. All guidelines, handbooks, regulations, procedures, or similar documents concerning the conduct of elections within the City of Springfield.

10. All guidelines, handbooks, regulations, procedures, or similar documents concerning the casting of ballots within the City of Springfield.

11. All guidelines, handbooks, procedures, or similar documents relating to requirements or qualifications for an individual to become a candidate for City Council or School Committee within the City of Springfield.

12. All documents concerning the denial of any individual's ability to qualify as a candidate for City Council or School Committee between 1980 and the present.

13. All campaign materials including, but not limited to, flyers, brochures, videos, newspaper advertisements, television commercials, or other documents relating to any candidate's campaign for City Council or School Committee since 1980.

14. All documents sufficient to show the names and racial backgrounds of all candidates who have sought a seat on the City Council and/or School Committee since 1985.

15. All documents that reflect the amount of money spent annually since 1980 in each ward within the City of Springfield including, but not limited to, monies spent to improve streets and sidewalks, renovate vacant housing, promote economic enterprise, stimulate job creation, improve or build public schools, facilitate the purchase of homes by first-time buyers, remove blight, establish police sub-stations, and address health concerns such as AIDS/HIV, infant mortality, cancer and hypertension.

16. All documents sufficient to demonstrate the number of Black/African-American and Hispanic individuals employed by the City of Springfield and/or the Springfield Election Commission.

17. All documents sufficient to demonstrate the number of Black/African American and Hispanic children in each ward enrolled in Springfield Public Schools.

18. All studies, research, or other documents concerning academic performance by Black/African-American and Hispanic children enrolled in the Springfield Public Schools.

19. All documents concerning racial violence, hate crimes, or civil rights violations in the City of Springfield or Hampden County.

20. All documents concerning communications between you and any of the plaintiffs in this action.

Dated: May 10, 2005

ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

By their attorneys,

_____
Nadine Cohen (BBO # 090040)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW OF THE BOSTON BAR ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 988-0609


_____
Paul E. Nemser (BBO #369180)
J. Anthony Downs (BBO #532839)
William J. Connolly III (BBO #634845)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Angela Ciccolo
Victor L. Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215-3297
(410) 580-5790

*Of Counsel*

LIBA/1533393.1