UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD ELECTION COMMISSION,<br><br>        Defendants. | Civil Action No. 05-30080 MFP |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EXPEDITED SCHEDULING CONFERENCE AND ENTRY OF
<u>EXPEDITED SCHEDULING ORDER</u>**

Plaintiffs submit this memorandum of law in support of their motion for an expedited Rule 16(b) scheduling conference during the week of May 16, 2005, for entry of an expedited scheduling order and for leave to commence immediate discovery.[1]

Plaintiffs request entry of an expedited scheduling order that will afford them an opportunity to obtain preliminary injunctive relief prior to Springfield's upcoming elections, which are currently scheduled to take place on November 8, 2005. Shortly, plaintiffs will be prepared to file their motion to preliminarily enjoin the defendants and their agents from

---

[1] The proposed scheduling order is <u>Exhibit A</u> to plaintiffs' motion. Plaintiffs' first request for production of documents are <u>Exhibit B</u> to the motion.

conducting future elections using Springfield's unlawful, discriminatory at-large voting system with its winner-take-all method. Plaintiffs' proposed schedule will, without unduly burdening the defendants, afford the Court a meaningful opportunity to consider plaintiffs' motion in advance of the November 8 elections. Absent an expedited schedule, plaintiffs will continue to suffer irreparable harm by operation of an outdated, discriminatory voting system that denies Springfield's voters of color equal participation in the political process.

## FACTS

**A.   Background**

This is a voting rights action alleging that Black/African-American and Hispanic voters in the City of Springfield have had their voting power in elections for the Springfield City Council and School Committee unlawfully diluted by the at-large election system. Springfield's City Council and School Committee have no ward representation. All members on both bodies are chosen in winner-take-all, at-large elections. Complaint ¶¶ 21, 27. Despite substantial growth in Springfield's population of color, which now constitutes over 55% of the City's total population and nearly half of its voting-age population, the at-large election system prevents voters of color from equal participation in the political process. The consistent result is that predominantly white candidates from certain neighborhoods with the largest number of white voters are elected. Complaint ¶ 1.

*The Springfield City Council*

Only two minorities currently serve on the nine-member City Council. In fact, since 1963 only four Black/African-Americans and only one Latino have ever been elected to the City Council. Complaint ¶ 22. In the last 10 years more than half of Springfield's City Councilors have come from just one of the city's eight wards, Ward Seven. Ward Seven has the largest

2

percentage of white voters and the highest household income. Currently, four of the nine City Councilors are from Ward Seven. Complaint ¶ 23. In contrast, the wards that are predominantly Black/African-American and Hispanic have no representation. For example, none of the City Councilors elected over the last 10 years live in four of the five Springfield wards with the highest minority voting age population (Wards 1, 3, 4, and 8). Complaint ¶ 24. Although Black/African-American and Hispanic candidates for City Council consistently win or rank highly in five of the city's eight wards, Black/African-American and Hispanic candidates have had far less success than whites in winning seats on the City Council. This lack of success is the direct result of the at-large election system. Complaint ¶ 25.

*The School Committee*

There are six members of the Springfield School Committee, all elected at-large for four-year terms. Voters elect three members of the School Committee every two years. Voters have three votes and cast these votes under traditional winner-take-all voting rules. Five of the current six members are white. Complaint ¶ 27. Terms of the School Committee members are staggered, a voting practice that results in white voters who bloc vote having a greater opportunity to determine the winners. Whites have consistently won at least five of the six seats. The membership of the School Committee is in sharp contrast to the 2004-2005 K-12 school population, which as of October of 2004 was 50% Hispanic, 28% Black/African-American, and 19% White. Complaint ¶ 28.

*The Upcoming Elections*

Elections for City Council and School Committee are currently scheduled to take place on November 8, 2005. Candidates have until August 2, 2005 to submit nomination papers for

LIBA/1533789.1

certification by the defendant, the Springfield Election Commission, in order to appear on the ballot. See Springfield Election Commission website, "springfieldvote.com".

In short, Springfield's outdated[2] at-large election system dilutes minority voting strength in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and intentionally and arbitrarily violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Fifteenth Amendment to the United States Constitution. Defendants' actions deprive plaintiffs of equal voting power and prevent them from electing representatives of their choice. In this action, plaintiffs seek, among other relief, injunctive and declaratory relief prohibiting the further utilization of an at-large system for electing members of the Springfield City Council and School Committee.

**B.    Plaintiffs' Proposed Scheduling Order**

By their motion, plaintiffs have proposed a schedule that will permit the parties to complete their discovery and submit their briefs so that this Court may issue a decision well in advance of the November elections. To facilitate an expeditious review by the Court, plaintiffs propose that the parties will submit opening briefs prior to close of discovery. The proposed schedule contemplates that the parties will supplement their briefs in early August, shortly after the close of discovery. Last, the proposed schedule contemplates that the preliminary injunction motion will be heard in late August, which will afford the Court approximately 10 weeks to rule on the motion.

---

[2]   Springfield is one of only 3 cities in Massachusetts with populations over 35,000 that still uses at-large elections. In 1967 Congress outlawed all at-large voting for use in any federal election because of the potential for discrimination. Complaint ¶ 21.

4

LIBA/1533789.1

**ARGUMENT**

A.  **The Court has Broad Discretion to Enter Plaintiffs' Expedited Scheduling Order, and an Expedited Schedule is Appropriate Where Preliminary Injunctive Relief is Sought**

It is well-settled that "[t]he Civil Rules endow trial judges with formidable case-management authority," Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998), and that "[t]he management of pretrial discovery lies primarily within the sound discretion of the district court." Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 137 (1st Cir. 2001). The power to order expedited discovery lies within the scope of that discretion. Fed. R. Civ. P. 26(d); see Prozina Shipping Co. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (ordering expedited discovery). Accordingly, this Court has broad authority to order the relief sought here.

An expedited scheduling order can be particularly appropriate where, as here, a party seeks a preliminary injunction. See, e.g., Niton Corp. v. Radiation Monitoring Devices, Inc., 27 F. Supp.2d 102, 103 (D. Mass. 1998) (reporting earlier proceedings in which the court recommended an expedited schedule to permit a prompt determination of cross motions for preliminary injunctions); Baystate Techs., Inc. v. Bentley Sys., Inc., 946 F. Supp. 1079, 1082 (D. Mass. 1996) (trial schedule expedited in order to determine motion for injunctive relief); Pod-Ners v. Northern Feed & Bean of Lucerne, Ltd., 204 F.R.D. 675, 676 (D. Colo. 2002) (granting motion for expedited discovery and citing relevant authority); Fed. R. Civ. P. 26 advisory committee's 1993 note (expedited discovery appropriate "in some cases, such as those involving requests for a preliminary injunction").

**B.      Good Cause Exists to Enter an Expedited Scheduling Order**

Good cause exists for the Court to exercise its discretion and enter plaintiffs' proposed scheduling order.  First, the Complaint alleges that Springfield's at-large election system has caused and will continue to cause irreparable harm to plaintiffs and all other Hispanic and Black/African-American voters in Springfield.  Complaint ¶ 41.  The deprivation of constitutionally-protected freedoms -- including the right to vote -- "for even minimal periods of time, unquestionably constitutes irreparable injury."  Elrod v. Burns, 427 U.S. 373 (1976); Wal-Mart Stores, Inc. v. Rodriguez, 238 F. Supp. 2d 395, 421(D. P.R. 2002) ("A presumption of irreparable harm flows from and is triggered by an alleged deprivation of constitutional rights."); Harris v. Graddick, 593 F. Supp. 128, 135 (M.D. Ala. 1984) ("[A]ny illegal impediment to the right to vote, as guaranteed by the U.S. Constitution or statute, would by its nature be an irreparable injury.").  An expedited schedule is necessary to afford plaintiffs a meaningful opportunity to demonstrate to the Court, in advance of the upcoming November elections, that defendants are unlawfully impeding the rights of minority voters to participate in the political process.

Second, plaintiffs will carefully tailor their discovery to those facts necessary to support their motion for a preliminary injunction.  Specifically, plaintiffs will focus their discovery efforts on (i) the three threshold conditions that must be established to prove a Section 2 violation, and (ii) the "totality of the circumstances" factors, all as set out in Thornburg v. Gingles, 478 U.S. 30 (1986).

Third, plaintiffs' proposed schedule will not impose any undue burden on defendants. Defendants possess most, if not all the fact evidence that will be used in the case.  On balance,

6

any hardship to defendants is clearly outweighed by the hardships imposed on plaintiffs through dilution of their right to vote.[3]

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court schedule the Rule 16(b) scheduling conference for the week of May 16, 2005, enter plaintiffs' proposed scheduling order and permit plaintiffs to commence immediate discovery.

Respectfully submitted,

ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

By their attorneys,

____/s/ Nadine Cohen_____
Nadine Cohen (BBO #090040)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW OF THE BOSTON BAR ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 988-0609

---

[3] Other factors weigh in favor of expediting these proceeding. In 1997 voters in Springfield passed a ballot initiative by a 58% margin, calling for ward elections and an end to the at-large voting system. Despite the wishes of the voters; despite the clear evidence of the dilution of the minority vote under the at-large system; and despite repeated promises by the Springfield City Council to change the at-large system, they have failed to do so. Councilors made election season pledges to support the will of the voters but later voted to reject the change to ward elections and to maintain the current at-large voting arrangement. Complaint ¶¶ 37, 38.

                                      ____/s/ William J. Connolly III_____
                                      Paul E. Nemser (BBO #369180)
                                      J. Anthony Downs (BBO #532839)
                                      William J. Connolly III (BBO #634845)
                                      GOODWIN PROCTER LLP
                                      Exchange Place
                                      53 State Street
                                      Boston, MA 02109
                                      (617) 570-1000

Angela Ciccolo
Victor L. Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215-3297
(410) 580-5790

*Of Counsel*


Dated:  May 25, 2005

8

LIBA/1533789.1