UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE;<br>OISTE?; NEW ENGLAND STATE-AREA<br>CONFERENCE OF THE NAACP;<br>REV. TALBERT W. SWAN, II;<br>NORMAN W. OLIVER; DARLENE<br>ANDERSON; GUMERSINDO GOMEZ;<br>FRANK BUNTIN; RAFAEL RODRIQUEZ;<br>and DIANA NURSE<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD<br>ELECTION COMMISSION<br><br>    Defendants. | Civil Action No. 05-30080-MAP |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR AN EXPEDITED SCHEDULING
CONFERENCE AND ENTRY OF AN EXPEDITED SCHEDULING ORDER**

Defendants submit this memorandum in response to Plaintiffs' motion for an expedited Rule 16(b) scheduling conference, for entry of an expedited scheduling order and for leave to commence discovery immediately. In this instant case, the above-referenced Plaintiffs have challenged the at-large method of electing members to the City Council and School Committee in Springfield, Massachusetts under Section 2 of the Voting Rights Act, 42 U.S.C. 1973 ("Section 2"). While Defendants do not oppose an expedited discovery schedule, Plaintiffs' proposed order and discovery request are unreasonable and unduly burdensome for the Defendant City of Springfield. As will be discussed in greater detail in the Defendants' response to Plaintiffs'

47515

motion for a preliminary injunction, this is not a case where the current electoral scheme has excluded minority persons from the electoral and political process. Indeed, minority-preferred candidates have been elected for the 37 years since the adoption of at-large method of electing members to the Springfield City Council and the 44 years since the adoption of the at-large method of electing members to the Springfield School Committee.

Challenges to election schemes pursuant to Section 2 are complex, document-dependent cases, requiring that Plaintiffs carry a substantial burden that includes a "practical evaluation of the past and present realities" through a "functional view of the political process," that demonstrates a violation of Section 2 of the Voting Rights Act. Thornburg v. Gingles, 478 U.S. 30, 79 (1986)(internal quotations omitted)(quoting S. Rep. No. 97-417 ("S. Rep.")). Central to Plaintiffs' burden is evidence of racially polarized voting patterns, which will require Plaintiffs (and Defendants) to facilitate and produce expert statistical analysis of voting patterns. Moreover, since Plaintiffs have appeared to claim that the adoption and/or maintenance of the existing method of electing members to the Springfield City Council and School Committee was/is motivated by the intent to discriminate, discovery must be had as to the motivations, thought-processes, goals and priorities of past and present decisionmakers/elected officials. Plaintiffs proposed schedule will not facilitate the "meaningful opportunity" to which the Plaintiffs referred, Plaintiffs' Memorandum of Law in Support of Their Motion for an Expedited Scheduling Conference and Entry of an Expedited Scheduling Order ("Plaintiffs' Memorandum") at 6, to explore the various issues and present the evidence needed for the Court to make the required "intensely local appraisal of the design and impact of the contested electoral mechanisms." Thornburg v. Gingles, 478 U.S. at 79 (internal quotations omitted)(quoting S.

47515

Rep.).

Plaintiffs' proposed Scheduling Order completely disregards the periods of time normally allotted by the Federal Rules of Civil Procedure – applicable to cases less complex than the instant case – to parties to respond to pleadings, interrogatories, and requests for admission, to notice and conduct depositions, to identify, locate and make available documents, and to produce expert reports and experts for deposition. Plaintiffs' proposed Scheduling Order also appears to abandon the Rule 26(f) conference and report to the Court including a proposed discovery plan, the subjects on which discovery is to be sought, any opposition to the proposed subjects of discovery, and any changes or limitations on discovery. Fed. R. Civ. P. 26(f). The Rule 26(f) report serves the vital function of identifying the issues and focusing discovery and should not be abandoned. Plaintiffs' First Request for the Production of Documents to the Defendants and time within which Plaintiffs' have proposed that Defendants respond provides the most compelling evidence supporting the adoption of a reasonable discovery plan that more closely mirrors the provisions of the Federal Rules of Civil Procedure and the Local Rules. This request for document production is *not* "carefully tailored . . .discover[]. . . those facts necessary to support their motion for summary judgment" as Plaintiffs' contend, Plaintiffs' Memorandum at 6, but rather is over-broad and would represent a significant hardship if Defendants were required to comply by May 27, 2005 without any opportunity to refine the scope of discovery.

47515

Defendants do not dispute that this Court has the authority to grant Plaintiffs' motion for an expedited scheduling order. Nor do Defendants claim that "deprivation of constitutionally-protected freedoms -- including the right to vote – 'for even minimal periods of time, unquestionably constitutes irreparable injury'." Id. (quoting Elrod v. Burns, 427 U.S. 373 (1976)). But the fact that there is little time prior to the commencement of candidate qualification, is a circumstance of Plaintiffs' own making. There was no reason for Plaintiffs to have waited until days before the beginning of the 2005 regularly scheduled elections to file this challenge. Indeed, there has been no "new" evidence to assist either party in carrying their respective burdens since the 2003 elections. Even if it were true that Plaintiffs delayed the filing of the suit pending a request for the City Council to place yet another initiative on the ballot proposing an alternative method of electing members to the City Council and School Committee, that request could have been made immediately following the 2003 elections, when the alleged campaign promises to which Plaintiffs' refer, Plaintiffs' Complaint at ¶38, were "fresh" in the memories of Councilmembers and the public.

For these reasons, Defendants should not be ordered to comply with Plaintiffs' proposed scheduling order, nor should they be subject to any scheduling order that does not provide for a reasonable amount of time to respond to and formulate discovery requests, answer pleadings, to explore the issues, analyze voting patterns, educate members of the City Council and School Committee should settlement appear warranted, solicit public input, and investigate alternative methods of election, where appropriate. The Court should provide for a Scheduling Order that will provide adequate opportunity, resources, and time for parties to gather, assess and present

4

47515

the kind of information and evidence needed for its to make the requisite "intensely local appraisal" of the "totality of the circumstances" of the political processes in the City of Springfield, Massachusetts.

Respectfully submitted,

CITY OF SPRINGFIELD and
SPRINGFIELD ELECTION COMMISSION

By _____
Patrick J. Markey (BBO # 563542)
  City Solicitor
Deanne Bogan Ross (BBO #555407)
City of Springfield
Law Department
36 Court Street, Room 210
Springfield, Massachusetts 01103

## CERTIFICATE OF SERVICE

I, Patrick J. Markey, hereby certify that a copy of the foregoing Defendants' Response to Plaintiffs' Memorandum of Law in Support of Their Motion for an Expedited Scheduling Conference and Entry of an Expedited Scheduling Order was served on the 19th day of May, 2005, by first-class mail and facsimile on: Nadine Cohen, Esq., Lawyers Committee for Civil Rights Under Law of the Boston Bar Association, 294 Washington Street, Suite 443, Boston, Massachusetts 02108; Paul E. Nemser, Esq., J. Anthony Downs, Esq. and William J. Connolly III, Esq., GOODWIN PROCTOR LLP, Exchange Place, 53 State Street, Boston, Massachusetts 02109; and Angelo Ciccolo, Esq. and Victor L. Goode, Esq., NAACP, 4805 Mt. Hope Drive, Baltimore, Maryland 21215-3297.

_____
Patrick J. Markey, Esq.
City of Springfield
Law Department
36 Court Street, Room 210
Springfield, Massachusetts 01103

5

47515