UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE;<br>¿OISTE?; NEW ENGLAND STATE-AREA<br>CONFERENCE OF THE NAACP;<br>REV. TALBERT W. SWAN, II;<br>NORMAN W. OLIVER; DARLENE<br>ANDERSON; GUMERSINDO GOMEZ;<br>FRANK BUNTIN; RAFAEL RODRIQUEZ;<br>and DIANA NURSE<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD<br>ELECTION COMMISSION,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 05-30080 MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65(a), plaintiffs hereby request that the Court preliminarily enjoin the defendants from conducting any election for the Springfield City Council, including the election currently scheduled for November 8, 2005, utilizing Springfield's unlawful discriminatory at-large voting system with its winner-take-all method. Plaintiffs further request that the Court order the establishment of single-member district elections which comply with the Voting Rights Act. In support of their motion, plaintiffs state as follows:

1.　In this action, plaintiffs allege that Springfield's at-large voting system with its winner-take-all method violates of Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1971, *et seq.* because it unlawfully dilutes the ability of Springfield's Hispanic and Black/African-American voters to participate in the electoral process and to elect representatives of their choice.

1

2. As set forth in their memorandum of law and other supporting papers, plaintiffs are entitled to preliminary injunctive relief.

3. First, plaintiffs clearly demonstrate a likelihood of success of their Section 2 claim. Based on the totality of the circumstances, Springfield's at-large voting system results in a political process that is not equally open to participation by voters of color. Plaintiffs have made precisely the showing required to demonstrate a Section 2 violation under the standards articulated in *Thornburg v. Gingles*, 478 U.S. 30 (1986) and its progeny. Second, the dilution of plaintiffs' voting power unquestionably constitutes irreparable harm. Third and fourth, both the balance of hardships and the public interest weigh heavily in favor of ensuring that plaintiffs and all other Springfield residents have a full, fair, and undiluted opportunity to participate in the electoral process and to elect representatives of their choice.

4. Springfield's at-large voting system has denied and will continue to deny Springfield's voters of color equal participation in the political process, in violation of Section 2 of the Voting Rights Act. Until such elections are stopped and changed through the establishment of district elections, plaintiffs and other voters of color will continue be treated as second class participants in Springfield's political process.

In support of their motion, plaintiffs hereby submit their Memorandum of Law and the following additional materials:

- Expert Report John E. Harmon
- Affidavit of Richard L. Engstrom, Ph.D
- Affidavit of Preston H. Smith, II, Ph.D
- Affidavit of Henry Thomas
- Affidavit of Frank Buntin

- Affidavit of Errol Campbell

- Affidavit of Gumersindo Gomez

- Affidavit of Carol Lewis-Caulton

- Affidavit of Massachusetts State Representative Cheryl Rivera

- Affidavit of Massachusetts State Representative Benjamin Swan

- Affidavit of Rev. Talbert W. Swan

- Affidavit of Monica M. Franceschini, Esq.; and

- Appendix of Exhibits In Support of Plaintiff's Motion for a Preliminary Injunction (Volumes 1 through 5).

WHEREFORE, plaintiffs respectfully request that this Court enter an order:

A. Preliminarily enjoining the City of Springfield and the Springfield Election Commission from conducting any election for the Springfield City Council, including the election currently scheduled for November 8, 2005, utilizing an at-large voting system;

B. Directing that future elections for the Springfield City Council shall be conducted using a single-member district system;

C Awarding plaintiffs their costs and attorneys' fees incurred in obtaining this injunction; and

D. Granting such other and further relief as may be just and equitable.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certify that they conferred with defendants' counsel and attempted in a good faith to resolve or narrow the issues prior to the filing of this motion.

        Respectfully submitted,

        ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

        By their attorneys,

        ____/s/ Paul E. Nemser_____
        Paul E. Nemser (BBO #369180)
        J. Anthony Downs (BBO #532839)
        William J. Connolly III (BBO #634845)
        GOODWIN PROCTER LLP
        Exchange Place
        53 State Street
        Boston, MA 02109
        (617) 570-1000

        _____/s/ Nadine Cohen_____
        Nadine Cohen (BBO #090040)
        LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW OF THE BOSTON BAR ASSOCIATION
        294 Washington Street, Suite 443
        Boston, MA 02108
        (617) 988-0609

Angela Ciccolo
Victor L. Goode
NAACP
4805 Mt. Hope Drive
Baltimore, Maryland 21215-3297
(410) 580-5790

*Of Counsel*

Dated:  July 15, 2005