# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARISE FOR SOCIAL JUSTICE;                    )
¿OISTE?; NEW ENGLAND STATE-AREA              )
CONFERENCE OF THE NAACP;                     )
REV. TALBERT W. SWAN, II;                    )
NORMAN W. OLIVER; DARLENE                    )
ANDERSON; GUMERSINDO GOMEZ;                  )
FRANK BUNTIN; RAFAEL RODRIQUEZ;              )
and DIANA NURSE                              )    Civil Action No. 05-30080-MAP
                Plaintiffs,  )
v.                                           )
                                           )
CITY OF SPRINGFIELD and SPRINGFIELD          )
ELECTION COMMISSION                          )
                Defendants.  )
_____)

## OPPOSITION TO MOTION TO SET DEADLINE
## AND DEFENDANTS REQUEST TO MODIFY SCHEDULE FOR FILING
## AFFIDAVITS AND TRIAL PROCEDURE FOR WITNESS TESTIMONY
## OR IN THE ALTERNATIVE TO SCHEDULE THE FILING OF SUMMARY
## JUDGMENT MOTIONS

Now come the Defendants in the above-captioned case, and OPPOSE the setting of a deadline of Wednesday February 7, 2007 for filing affidavits, and respectfully request that the schedule for filing of affidavits and procedure for presenting direct witness testimony be modified to allow for the subpoena and presentation of witnesses as an alternative to affidavits. In the Alternative, the Defendants request that the Court schedule the filing of motions for summary judgment in order to focus the issues for trial and reduce the politically charged environment of the trial. Defendants are prepared to file motions for summary judgment on the scheduled date of trial.

As grounds therefore, Defendants state:

50671

1

1.      They have been unable to file all of the affidavits planned due in part by the conduct of Plaintiffs' Attorneys' complicity in the release of extrajudicial statements which have been disseminated to the press which has interfered with the ability of the Defendants to prepare for trial.

2.      Specifically, shortly after 4:30 on Friday evening February 2, 2007, Mayoral Chief of Staff Michelle Webber came into the City Law Department to see City Solicitor Edward Pikula seeking a copy of an Affidavit in the _Arise v. City of Springfield_ voting rights case alleging that Michelle Webber had made racist comments in the course of her employment. Ms. Webber indicated that she had been contacted by news reporter Jim Polito of Channel 40TV and informed her that Attorney Cheryl Rivera had prepared an Affidavit for filing in the case and Polito asked whether Webber had any comment.

3.      Webber told Pikula that when she informed Polito she knew nothing about the Affidavit and had no comment, Polito told her it would be "online" in the court case "within minutes." Webber asked Pikula if he could provide her a copy of the Affidavit. Pikula informed Webber that he was unaware of the allegations or any affidavit filed by the plaintiffs involving Cheryl Rivera.

4.      While it was anticipated that the Defendants would be able to finalize and serve affidavits by the Friday February 2, 2007

50671

2

deadline, this deadline could not be met due to the Solicitor's involvement with a pending Superior Court case involving a user fee related to the City's solid waste collection and disposal services, and a need to conserve available resources due to fiscal constraints. In addition, the Defendants' expert has had surgery which has delayed the finalization of his affidavit. An email exchange between counsels on the issue of anticipated delay occurred between Counsel on Thursday February 1, 2007 when it was clear that the Defendants were running into a problem with the deadline. (Exhibit 1)

5.      Ms. Webber and Pikula waited in the Law Department to watch for the email notification of filing from the court. By 5:00 P.M. notification still had not been received. As such, Pikula attempted to contact Mr. Polito, but was informed he was not available. A voicemail was left asking Polito to contact Pikula so that Pikula could see the Affidavit. Pikula also attempted to contact Attorney Paul Nemser of Goodwin Proctor, from Boston, who represents the plaintiffs, but Pikula was unsuccessful and therefore left Nemser a voicemail.

6.      Webber and Pikula continued to wait for an email notification. Between 5:20 P.M. and 6:20 P.M. Plaintiffs filed twenty Affidavits, none of which were the Rivera Affidavit. During that time no communication was received from either Polito or Nemser.

50671

3

7.        Webber and Pikula obtained information that the story was broadcast as the lead story of the 6:00 P.M. news, and were informed that the story stated that it was an "exclusive" for Channel 40.

8.        At 6:22 P.M. Pikula received an email notification from the federal court electronic case filing system that the affidavit of Cheryl Rivera had been filed at 6:21 PM by Attorney Nemser. (Exhibit 2)

9.        Under Supreme Judicial Court Rule 3:07, the Massachusetts Rules of Professional Conduct applicable to attorneys, provides in Rules 3.6 concerning Trial Publicity, that a lawyer "shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." Under this rule, the lawyer is not prohibited from disseminating the information contained in a public record.

10.      At the time of the Polito communication to Webber, and the time of the television broadcast of the report, the Affidavit had not yet been filed in court and was therefore not made public or available to Defense counsel, but was in the exclusive possession or control of the Plaintiffs' Attorneys or agents or the news reporter. The unavailability of the Affidavit and the lack of any return phone call

prejudiced Pikula and Webber's ability to reasonably respond to the press inquiry.

11.     A review of the Affidavit indicates it was signed on February 1, 2006, a day prior to filing. On Saturday February 3, 2007, when Pikula came into the Law Department, he noticed that he had received an email at 9:46 P.M. on Friday night from Attorney Nemser claiming he did not receive Pikula's phone message because he was "out of the office" and Nemser provided an email link to the then filed Rivera Affidavit. Pikula responded that he objected to the dissemination of this affidavit without being provided a copy, and prior to filing as a public record. (Exhibit 3) On Saturday at approximately 1:00 PM, Attorney Nemser responded with a denial of any knowledge of how the press received the Affidavit. (Exhibit 3)

12.     Considering Plaintiffs' Attorneys' control and responsibility for the Affidavit signed "February 1, 2007" and the "exclusive" nature of the story, together with Polito's acknowledgment to Webber prior to 4:30 that the Affidavit had not yet been filed, (through his statement that it would be available online "within minutes") it is reasonable to infer that a communication between the Plaintiffs' Attorneys's office or an agent or witness of the plaintiffs had provided the otherwise non-public information. Based on the timing of the call from Polito and the broadcast prior to filing, the

5

press could not have known about the Affidavit and the anticipated filing time without information originating from the Law Offices of Goodwin Proctor, either directly or indirectly.

13.    The incidents concerning Webber described in the affidavit are alleged to have occurred within one to three years ago. While this case has been pending since 2005, the information received through the media was the first time any such allegations concerning Ms. Webber have arisen in this case in any context.

14.    The allegations concerning Webber have no relationship to voting or the method by which the City Council or School Committee is elected. Moreover, neither the City Council, nor the School Committee has any control over the appointment or discipline of Mayoral staff. Such allegations, while potentially news worthy or relevant to any potential employment discrimination claim, are not relevant in the litigation to establish a fact of consequence. Under the Federal Rules of Evidence such allegations should either be stricken from the affidavit or given little or no evidentiary weight at trial or in a motion for summary judgment.

15.    However, the allegations have required the attention of defense counsel in an employment context with regard to investigatory obligations which are continuing at this time. In addition to detracting from the Defendants' ability to allocate the resources needed to timely file affidavits which had already been finalized

6

for filing by Friday, the adverse publicity has interfered with the Defendants ability to obtain signatures with regard to affidavits which remain unsigned despite attempts to gather signatures in a timely fashion. This is not only related to the due diligence efforts and time spent on the employment investigation, but on information and belief that the inability to obtain timely signatures has been caused in part due to "foot dragging" by some witnesses who may be reluctant to be perceived as assisting the City in light of the inflammatory and politically charged allegations contained in the Rivera Affidavit. It can reasonably be anticipated that the adverse publicity created by the timing and nature of the information released to the press will affect the sentiment of potential witness as the case continues.

16.     It can reasonably be anticipated that some witnesses may continue to not cooperate in providing Affidavits which were expected by Defense Counsel and prepared prior to the release of the information.  As such, Defendants will need the opportunity to subpoena witnesses at trial. This was agreed to by the Plaintiffs in the telephone conference which occurred after the Plaintiffs' filing of this motion. (Exhibit 4)

17.     It is anticipated that the Defendants will be required to subpoena between 5 to 10 witnesses at the trial which will only heighten political divisiveness along racial lines in a community struggling

7

50671

with financial burdens and emerging from a public corruption scandal.

18.     The due diligence required to address the allegations of the Affidavit in an employment law context, has resulted in the Solicitor not having the time to even review the affidavits filed by the Plaintiffs to date, with the exception of the Rivera Affidavit. In fact, both Defense Counsel have refrained from reviewing all other Affidavits until all of Defendants' Affidavits can be filed, in order to specifically not tailor responses and refrain from any attempt to take advantage of the delay caused in part by the Plaintiffs' unfair tactics.

19.     From the above facts, it would appear that the timing of release of the Affidavit to the press, combined with the lack of notice to the City's counsel as well as lack of any return phone call from either Attorney Nemser or Mr. Polito, may have been calculated to publicize the allegations in the Affidavit in such a manner that no representative from the City could reasonably respond to the allegations in the press until after the story had aired, and the Plaintiffs Attorneys knew or should have reasonably anticipated that the release of the information in this manner would have such effect, and should have taken reasonable precautions to avoid such impact on this litigation. The plaintiffs, without providing the City with access to the Affidavit until after the time of publication by

the press, have attempted to poison the well of witness testimony against the City.

20.     The negative publicity has interfered with the City's ability to obtain the cooperation of witnesses, acting as a chilling effect on potential witnesses. Moreover, the scare legal resources of the City have had to be redirected to the investigation of the allegations in an employment context, which has detracted from the City's ability to meet the proposed deadline.

21.     Considering the facts as described above, the Plaintiffs' tactics, knowing that the Defendants' filing of Affidavits were to be delayed, had "a substantial likelihood of materially prejudicing" the adjudication of this matter." In furtherance of the tactics, Plaintiffs have filed this motion to artificially establish a deadline that will prejudice the Defendants ability to present a defense.

22.     Summary judgment, even if not fully dispositive of all issues raised, will assist the court in focusing the issues and the scope of relevant testimony which may be required at trial. As the motions could be filed on the date of trial, the disposition of this matter would not be delayed, and any subsequent trial would require substantially less trial time.

WHEREFORE, based upon the above, as supported by the attestation of this opposition and cross motion with true copies of emails as Exhibits, the Motion should be

9

50671

denied, and Defendants should be granted the ability to subpoena witnesses or in the alternative, seek summary judgment.

Dated:  February 7, 2007

Respectfully submitted.

S/S

_____
Edward M. Pikula, BBO #399770
City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:        (413) 787-6085
Telefax:          (413) 787-6173

I, Edward M. Pikula, on oath do say, that the facts set forth in this motion are true, to the best of my knowledge.

Signed under pain of perjury, this February 6, 2007.

_____
Edward M. Pikula, BBO #399770
City Solicitor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Appearance has been served on the following counsel of record on the 6th day of February 2007, by electronic filing

S/S

_____
Edward M. Pikula, Esq.

10

50671

*EXHIBIT 1*

## Pikula, Edward

| | |
|---|---|
| **From:** | Pikula, Edward |
| **Sent:** | Thursday, February 01, 2007 4:56 PM |
| **To:** | 'Nemser, Paul E' |
| **Subject:** | RE: Affidavits |

same here. good luck.

**Attorney Edward M. Pikula**
**City of Springfield Law Department**
**36 Court Street**
**Springfield, Massachusetts 01103**
**Phone: (413) 787- 6085**
**Fax: (413) 787- 6173**

This e-mail message is generated from the City of Springfield Law Department, and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received this email in error, please notify the sender by return e-mail and delete it from your computer system.

> -----Original Message-----
> **From:** Nemser, Paul E [mailto:PNemser@goodwinprocter.com]
> **Sent:** Thursday, February 01, 2007 4:55 PM
> **To:** Pikula, Edward; Nadine Cohen
> **Subject:** RE: Affidavits
>
> Thanks. We may well be in the same boat, though I'm still trying to get them done.
> -----Original Message-----
> **From:** Pikula, Edward [mailto:epikula@springfieldcityhall.com]
> **Sent:** Thursday, February 01, 2007 4:49 PM
> **To:** Nemser, Paul E; Nadine Cohen
> **Subject:** Affidavits
>
> We are having issues getting all of our affidavits done for tomorrow. mostly signature issues, but other content issues. too. We expect we will not have 4 or 5 until Monday. just wanted to alert you. expect you are having similar issues. based on our conversations in court, the judge indicated this would be ok, but as i said, i'm giving you a heads up.
>
> **Attorney Edward M. Pikula**
> **City of Springfield Law Department**
> **36 Court Street**
> **Springfield, Massachusetts 01103**
> **Phone: (413) 787- 6085**
> **Fax: (413) 787- 6173**

2/6/2007

This e-mail message is generated from the City of Springfield Law Department, and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received this email in error, please notify the sender by return e-mail and delete it from your computer system.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IRS CIRCULAR 230 DISCLOSURE:**
**To ensure compliance with requirements imposed by the IRS, we inform**
**you that any U.S. tax advice contained in this communication**
**(including any attachments) is not intended or written to be used, and**
**cannot be used, for the purpose of (i) avoiding penalties under the**
**Internal Revenue Code or (ii) promoting, marketing or recommending to**
**another party any transaction or matter addressed herein.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**This message is intended only for the designated recipient(s). It may**
**contain confidential or proprietary information and may be subject to**
**the attorney-client privilege or other confidentiality protections.**
**If you are not a designated recipient, you may not review, copy or**
**distribute this message. If you receive this in error, please notify**
**the sender by reply e-mail and delete this message. Thank you.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2/6/2007

*EXHIBIT 2*

## Pikula, Edward

| From: | ECFnotice@mad.uscourts.gov |
|---|---|
| Sent: | Friday, February 02, 2007 6:21 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 3:05-cv-30080-MAP Arise for Social Justice, et al. v. City of Springfield, et al. "Affidavit" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Nemser, Paul entered on 2/2/2007 at 6:21 PM EST and filed on 2/2/2007

| **Case Name:** | Arise for Social Justice, et al. v. City of Springfield, et al. |
|---|---|
| **Case Number:** | 3:05-cv-30080 |
| **Filer:** | Talbert Swan, II |
| | Frank Buntin |
| | Norman W. Oliver |
| | Rafael Rodriquez |
| | Arise for Social Justice |
| | ?Oiste? |
| | New England State-Area Conference of the NCAAP |
| | Darlene Anderson |
| | Gumersindo Gomez |
| | Diana Nurse |

**Document Number:** 94

**Docket Text:**
AFFIDAVIT of Cheryl Coakley-Rivera by New England State-Area Conference of the NCAAP, Talbert Swan, II, Norman W. Oliver, Darlene Anderson, Gumersindo Gomez, Arise for Social Justice, Frank Buntin, Rafael Rodriquez, Diana Nurse, ?Oiste?. (Nemser, Paul)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=2/2/2007] [FileNumber=1750533-0]
[6b758fe5250f1358a29db483093fb1ef26964f004c67431e6ac7901f8f312378178e
ffdac7a40c10346ccad6bde4e084b3562add65baceaef6b3863bf23c7768]]

2/6/2007

**3:05-cv-30080 Notice will be electronically mailed to:**

Nadine M. Cohen    ncohen@lawyerscom.org

J. Anthony Downs    jdowns@goodwinprocter.com

Monica Meier Franceschini    mfranceschini@goodwinprocter.com

Paul E. Nemser    pnemser@goodwinprocter.com

Edward M. Pikula    epikula@omcp-law.com, epikula@springfieldcityhall.com; attyemp@aol.com

**3:05-cv-30080 Notice will not be electronically mailed to:**

## Pikula, Edward

**From:**     Pikula, Edward
**Sent:**     Monday, February 05, 2007 8:25 AM
**To:**       'Nemser, Paul E'
**Subject:**  RE: Activity in Case 3:05-cv-30080-MAP Arise for Social Justice, et al. v. City of Springfield, et al.
              "Affidavit"

The story ran on TV before the Affidavit was filed in court and before you revealed the allegations to me as
opposing counsel making it impossible to intelligently respond. Moreover, the allegations go back years. If you
thought they were important, why didn't you reveal them sooner? It is reasonable to assume that such a leak to
the press would amount to an ambush and in my opinion you knew or should have know that such a leak
could poison the well of potential witnesses against the city, in an attempt to influence the litigation with evidence
that has no relevance to the method of electing city councilors and school committee persons. We are continuing
to attempt to get signatures to affidavits that people agreed to provide, but I would expect that the manner of
releasing this affidavit will make it more difficult, and we will need more time.


**Attorney Edward M. Pikula**
**City of Springfield Law Department**
**36 Court Street**
**Springfield, Massachusetts 01103**
**Phone: (413) 787- 6085**
**Fax: (413) 787- 6173**


This e-mail message is generated from the City of Springfield Law Department, and contains
information that is confidential and may be privileged as an attorney/client communication or as
attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are
not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of
this email information is prohibited. If you have received this email in error, please notify the sender by
return e-mail and delete it from your computer system.


        -----Original Message-----
        **From:** Nemser, Paul E [mailto:PNemser@goodwinprocter.com]
        **Sent:** Saturday, February 03, 2007 12:58 PM
        **To:** Pikula, Edward
        **Subject:** Re: Activity in Case 3:05-cv-30080-MAP Arise for Social Justice, et al. v. City of Springfield, et al.
        "Affidavit"

        Your outrage is completely misplaced. I gave nothing to the press nor have I any idea how the press got it. To my
        knowledge no lawyer on our side had any contact with the press yesterday and I am not aware of any plan to contact
        the press directly indirectly or otherwise, and I will sign an affidavit saying so. . We just filed with the court. Did you
        file affidavits?
        --------------------------
        Sent from my BlackBerry Wireless Handheld


        ----- Original Message -----
        From: Pikula, Edward <epikula@springfieldcityhall.com>

2/6/2007

To: Nemser, Paul E
Sent: Sat Feb 03 12:23:24 2007
Subject: RE: Activity in Case 3:05-cv-30080-MAP Arise for Social Justice, et al. v. City of Springfield, et al.
"Affidavit"

Thanks for the email at 9:46 PM on a Friday night. You could have had the decency to provide a copy to this office
prior to giving it to the press. I am outraged that you have given this to the press before you filed this with the court. I
would not have expected this from and attorney from Goodwin and Procter.


Attorney Edward M. Pikula
City of Springfield Law Department
36 Court Street
Springfield, Massachusetts 01103
Phone: (413) 787- 6085
Fax: (413) 787- 6173


This e-mail message is generated from the City of Springfield Law Department, and contains information that is
confidential and may be privileged as an attorney/client communication or as attorney work product. The information
is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received
this email in error, please notify the sender by return e-mail and delete it from your computer system.


    -----Original Message-----
    From: Nemser, Paul E [mailto:PNemser@goodwinprocter.com]
    Sent: Friday, February 02, 2007 9:46 PM
    To: Pikula, Edward
    Subject: Fw: Activity in Case 3:05-cv-30080-MAP Arise for Social Justice, et al. v. City of Springfield, et al.
"Affidavit"


    I.was out of the office and just got your phone message from earlier this evening. Here is the court's link to the
Coakley-Rivera affidavit.   If this doesn't work and you still don't have it let me know.
    -------------------------
    Sent from my BlackBerry Wireless Handheld


    ----- Original Message -----
    From: ECFnotice@mad.uscourts.gov <ECFnotice@mad.uscourts.gov>
    To: CourtCopy@mad.uscourts.gov <CourtCopy@mad.uscourts.gov>
    Sent: Fri Feb 02 18:21:28 2007
    Subject: Activity in Case 3:05-cv-30080-MAP Arise for Social Justice, et al. v. City of Springfield, et al.
"Affidavit"

    ***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid
later charges, download a copy of each document during this first viewing.

    United States District Court

    District of Massachusetts

    Notice of Electronic Filing


    The following transaction was received from Nemser, Paul entered on 2/2/2007 at 6:21 PM EST and filed on
2/2/2007

Case Name:    Arise for Social Justice, et al. v. City of Springfield, et al.
Case Number:    3:05-cv-30080 <https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?97318>
Filer:  Talbert Swan, II
        Frank Buntin
        Norman W. Oliver
        Rafael Rodriquez
        Arise for Social Justice
        ?Oiste?
        New England State-Area Conference of the NCAAP
        Darlene Anderson
        Gumersindo Gomez
        Diana Nurse
Document Number:        94 <https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?
94,97318,,16739315,,,387>

Docket Text:
AFFIDAVIT of Cheryl Coakley-Rivera by New England State-Area Conference of the NCAAP, Talbert Swan,
II, Norman W. Oliver, Darlene Anderson, Gumersindo Gomez, Arise for Social Justice, Frank Buntin, Rafael
Rodriquez, Diana Nurse, ?Oiste?. (Nemser, Paul)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=2/2/2007] [FileNumber=1750533-0]
[6b758fe5250f1358a29db483093fb1ef26964f004c67431e6ac7901f8f312378178e
ffdac7a40c10346ccad6bde4e084b3562add65baccacf6b3863bf23c7768]]


3:05-cv-30080 Notice will be electronically mailed to:

Nadine M. Cohen    ncohen@lawyerscom.org

J. Anthony Downs    jdowns@goodwinprocter.com

Monica Meier Franceschini    mfranceschini@goodwinprocter.com

Paul E. Nemser    pnemser@goodwinprocter.com

Edward M. Pikula    epikula@omcp-law.com, cpikula@springfieldcityhall.com; attyemp@aol.com

3:05-cv-30080 Notice will not be electronically mailed to:

---------------------------------------

****************************************************************

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we
inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to

another party any transaction or matter addressed herein.

*****************************************************************

*****************************************************************
This message is intended only for the designated recipient(s). It
may
contain confidential or proprietary information and may be subject
to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please
notify
the sender by reply e-mail and delete this message. Thank you.
*****************************************************************



*EXHIBIT A*

## Pikula, Edward

**From:**    Pikula, Edward
**Sent:**    Tuesday, February 06, 2007 2:57 PM
**To:**    'Nemser, Paul E'
**Subject:** RE: Urgent--LR 7.1 conference to narrow issues

talk to you then

**Attorney Edward M. Pikula**
**City of Springfield Law Department**
**36 Court Street**
**Springfield, Massachusetts 01103**
**Phone: (413) 787- 6085**
**Fax: (413) 787- 6173**

This e-mail message is generated from the City of Springfield Law Department, and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received this email in error, please notify the sender by return e-mail and delete it from your computer system.

-----Original Message-----
**From:** Nemser, Paul E [mailto:PNemser@goodwinprocter.com]
**Sent:** Tuesday, February 06, 2007 2:43 PM
**To:** Pikula, Edward; Deanne E.B. Ross
**Cc:** Nadine Cohen
**Subject:** RE: Urgent--LR 7.1 conference to narrow issues

If you can't assent, we will file the motion. That being said, we are available to talk at 5:15 pm.

-----Original Message-----
**From:** Pikula, Edward [mailto:epikula@springfieldcityhall.com]
**Sent:** Tuesday, February 06, 2007 2:15 PM
**To:** Nemser, Paul E; Deanne E.B. Ross
**Cc:** Nadine Cohen
**Subject:** RE: Urgent--LR 7.1 conference to narrow issues

i cannot assent to this motion. as i notified you, i expected difficulties with obtaining all of the affidavits, and that is bearing out. i am in the middle of 3 other things right now and can't get back to you, but will do so later after i can make an assessment as to when i can expect to have them all. also, to the extent i am unable to obtain full cooperation, there may be a need to subpoena witnesses without any affidavit for their direct. are you available at 5 PM?

**Attorney Edward M. Pikula**
**City of Springfield Law Department**

**36 Court Street**
**Springfield, Massachusetts 01103**
**Phone: (413) 787- 6085**
**Fax: (413) 787- 6173**

This e-mail message is generated from the City of Springfield Law Department, and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received this email in error, please notify the sender by return e-mail and delete it from your computer system.

-----Original Message-----
**From:** Nemser, Paul E [mailto:PNemser@goodwinprocter.com]
**Sent:** Tuesday, February 06, 2007 1:33 PM
**To:** Pikula, Edward; Deanne E.B. Ross
**Cc:** Nadine Cohen
**Subject:** Urgent--LR 7.1 conference to narrow issues

Attached is a draft motion to set a firm deadline of tomorrow at 6 pm for the filing of trial affidavits. We plan to file this at 3 pm today.  Please let me or Nadine know if you assent.

Paul Nemser

<<MotiontoSetDeadline.DOC>>

*****************************************************************

**IRS CIRCULAR 230 DISCLOSURE:**
**To ensure compliance with requirements imposed by the IRS, we inform**
**you that any U.S. tax advice contained in this communication**
**(including any attachments) is not intended or written to be used, and**
**cannot be used, for the purpose of (i) avoiding penalties under the**
**Internal Revenue Code or (ii) promoting, marketing or recommending to**
**another party any transaction or matter addressed herein.**

*****************************************************************

2/6/2007

*******************************************************************
**This message is intended only for the designated recipient(s). It may
contain confidential or proprietary information and may be subject to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please notify
the sender by reply e-mail and delete this message. Thank you.**
*******************************************************************

2/6/2007