UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE<br><br>    Plaintiffs,<br><br> v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD ELECTION COMMISSION,<br><br>    Defendants. | Civil Action No. 05-30080 MAP |

**PLAINTIFFS' MOTION TO FILE A REPLY TO
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SET DEADLINE**

Pursuant to Local Rule 7.1(B)(3), plaintiffs hereby move for leave to file a Reply to Defendants' Opposition to Plaintiffs' Motion to Set Deadline, attached hereto as Exhibit 1.

Although the Court has granted defendants an extension until February 14 to complete their trial affidavits, this Reply is necessary to refute certain accusations and arguments in Defendants' Opposition to Plaintiffs' Motion to Set Deadline. The Opposition is based on distortion and reckless surmise, and a response is necessary to set the record straight.

WHEREFORE, plaintiffs respectfully submit that good cause exists to grant their motion and to give them leave to file the attached.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies that on February 7, 2007, they conferred with defendants' counsel and attempted in good faith to resolve or narrow the issues prior to the filing. Attorney for Defendants Edward Pikula stated in an email that he would assent to the motion "on the condition that the plaintiffs agree to conact [sic] delcarants [sic] of the City and assuring the declarants that there will be no political repurcussions [sic] against them or retaliation for signing their affidavit." Plaintiffs' attorney Paul Nemser responded that Plaintiffs will not agree to such condition.

Respectfully submitted,

ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

By their attorneys,

_____/s/ Paul E. Nemser_____
Paul E. Nemser (BBO #369180)
Monica M. Franceschini (BBO # 651208)
GOODWIN PROCTER LLP
Exchange Place, 53 State Street
Boston, MA 02109
(617) 570-1000

_____/s/ Nadine Cohen_____
Nadine Cohen (BBO #090040)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW OF THE BOSTON BAR ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108

Dated: February 7, 2007                         (617) 988-0609

2

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 7, 2007.

                                                          /s/ Paul Nemser

LIBA/1763711.1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE<br><br>                Plaintiffs,<br><br>v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD ELECTION COMMISSION,<br><br>                Defendants. | Civil Action No. 05-30080 MFP |

## REPLY TO OPPOSITION TO PLAINTIFFS' MOTION TO SET DEADLINE

Although the Court has granted defendants an extension until February 14 to complete their trial affidavits, plaintiffs submit this reply to refute certain accusations and arguments in Defendants' Opposition to Plaintiffs' Motion to Set Deadline. The Opposition is based on distortion and reckless surmise. Defendants are attempting to use the disclosure to a reporter of Representative Cheryl Coakley-Rivera's affidavit shortly before it was filed in court—a disclosure that was not made, planned, approved, suggested, or contemplated by plaintiffs' attorneys—as a pretext for a continuance of trial deadlines and the trial itself.

    1.    Defense counsel's accusations concerning plaintiffs' counsel's involvement in press coverage of the Coakley-Rivera Affidavit (the "Affidavit") are false. None of the lawyers representing plaintiffs in this case released the Affidavit to the press directly or indirectly. The

only publication of the Affidavit by plaintiffs' counsel occurred when an employee of Goodwin Procter LLP who handles electronic filings filed the Affidavit with the Court. The ECF notice for the Affidavit shows that it was filed at 6:21 pm on Friday, February 2, 2007. Plaintiffs' legal team did not disclose the Affidavit, cause it to be disclosed, suggest that it be disclosed, contemplate that it would be disclosed, or have a basis for believing that it would be disclosed before the Affidavit was filed. Affidavit of Paul E. Nemser, Esq.; Affidavit of Nadine Cohen; Affidavit of Anna-Marie Tabor, filed herewith. Plaintiffs' counsel so stated in an email to defense counsel on Saturday, February 3, 2007. Nemser Aff. Exhibit C. Plaintiffs' counsel stated the same point in more detail in an email of Monday, February 5, a copy of which was <u>not</u> provided to the Court with defendants' Opposition. *See* Nemser Aff. Exhibit E.

2. Defense counsel's unsupported assumption that plaintiffs' counsel or their agents must have caused the release of the Affidavit ignores that the affiant, Representative Coakley-Rivera, herself had a copy of her Affidavit, Tabor Aff. ¶ 3, and was therefore in a position to release it to the press.

3. In sum, there is no evidence—beyond defense counsel's assumptions and surmise—that plaintiffs' counsel provided the Affidavit to the press before it was filed or had anything to do with providing it to the press. To the contrary, there is sworn testimony that plaintiffs' counsel had no contact with the press at any time concerning the Affidavit.

4. After plaintiffs' counsel Paul Nemser had left work on February 2, defense counsel Edward Pikula called Mr. Nemser and left a voicemail message asking for a copy of the Affidavit. Mr. Nemser did not get the phone message until after 9:30 pm. Although defendants' Opposition implies prejudice from this gap, it is worth noting that Mr. Pikula did not call any of the three other lawyers for plaintiffs with whom he has dealt—Ms. Nadine Cohen, Ms. Monica

2

Franceschini, or Ms. Anna-Marie Tabor.  Mr. Pikula also did not send any plaintiffs' attorney an email about the Affidavit—though he is aware that plaintiffs' counsel have remote access to email using Blackberries.  Thus, Mr. Pikula did not make diligent efforts to obtain a copy of the Affidavit before it was filed.

5. In fact, defense counsel's Opposition is simply an attempt to play for time and delay the trial.  Defendants' assertions of prejudice in obtaining trial affidavits are a virtual nonsequitur.  Like plaintiffs' trial affidavits, defendants' trial affidavits were due on Friday, February 2, 2007.  Plaintiffs filed 28 affidavits on Friday, and defendants filed none.  Surely, if defendants' affidavits were to be filed timely, they should have been all but complete by 4:30 pm when defendants say the reporter called Ms. Webber.  There is no reason to believe that, if defendants were actually making an effort to comply with the deadline, the reporter's 6:00 pm news broadcast could have had any prejudicial effect on witnesses.  Moreover, there was only a roughly twenty-minute gap between the news broadcast and the filing of the Affidavit.  Had defendants wished, they could have issued a response well in advance of any late evening news broadcast.

6. Defendants have offered no evidence that anyone violated Rule 3.6 of the Model Rules of Professional Conduct.  There is no evidence that plaintiffs' counsel made an "extrajudicial statement" within the meaning of Rule 3.6.  Indeed, it is by no means clear that disclosure of a trial affidavit to be filed in court could ever qualify as an "extrajudicial statement."  Furthermore, even if disclosure of the Coakley-Rivera Affidavit to the press were seen as someone's extrajudicial statement, dissemination could violate Rule 3.6 only if done by a lawyer participating in the litigation and only "if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding."

3

Here, in a case looking toward a civil bench trial, there was no likelihood that the disclosure of the Coakley-Rivera Affidavit shortly before it was filed in court would work any prejudice, material or otherwise. And defendants have not offered a scrap of evidence of actual prejudice.

7. Defendants' Opposition argues, in effect, that the Coakley-Rivera Affidavit's allegations concerning Ms. Webber are irrelevant and "should either be stricken from the affidavit or given little or no evidentiary weight. . . ." The evidence is, however, relevant in at least two respects to the totality or the circumstances inquiry under Section 2 of the Voting Rights Act. The evidence tends to show that communities of color <u>perceive</u> the existence of racial hostility or insensitivity at City , and it tends to show that such hostility or insensitivity <u>exists</u>. The perception of hostility or insensitivity is relevant to such issues as whether voter turnout for people of color is affected by racial and ethnic factors. *See, e.g., Vecinos de Barrio Uno v. City of Holyoke*, 72 F.3d 973, 987 (1st Cir. 1995). The existence of hostility or insensitivity is relevant to such issues as "whether elected officials are unresponsive to the particularized needs of the members of the minority group." *Thornburg v. Gingles*, 478 U.S. 30, 45 (1986). More broadly, it is relevant to "the question whether the political processes are 'equally open,' which depends upon a searching practical evaluation of 'the past and present reality' and on a 'functional' view of the political process." *Id*. (quoting Senate Report) (internal citations omitted). Therefore, the Court should consider and give due weight to the evidence in Representative Coakley-Rivera's Affidavit concerning Ms. Webber.

8. Finally, defendants' proposal that the trial of the case be converted into an opportunity for a motion for summary judgment should be rejected. It is merely an attempt to delay the trial. Defendants have long stated that they would not move for summary judgment. At the Pre-Trial Conference, they stated in open court that they would be ready for trial on

4

February 26, 2007.  A belated summary judgment motion should not be permitted to do the work of an undeclared and unwarranted motion for continuance.

                      Respectfully submitted,

                      ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

                      By their attorneys,

                      _____/s/ Paul E. Nemser_____
Paul E. Nemser (BBO #369180)
Monica M. Franceschini (BBO #651208)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

                      _____/s/ Nadine Cohen_____
Nadine Cohen (BBO # 090040)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW OF THE BOSTON BAR ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 988-0609

Dated:  February 7, 2007

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Reply to Opposition to Motion to Set Deadline was filed electronically with this Court on this 7th day of February, 2007 and that all parties will be served via the Court's electronic filing system.

                                            /s/ Paul E. Nemser
                                      Paul E. Nemser (BBO #369180)

LIBA/1763764.1