# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE )))))))))) | Civil Action No. 05-30080-MAP |
| Plaintiffs, ) | |
| v. ) | |
| CITY OF SPRINGFIELD and SPRINGFIELD ELECTION COMMISSION )) | |
| Defendants. ) | |

## MOTION TO STRIKE PROPOSED EXPERT REPORTS AND LIMIT TESTIMONY

Now come the Defendants, City of Springfield and Springfield Election Commission and hereby respectfully move that this honorable Court allow the Defendants to strike the proposed expert reports proposed as exhibits to their affidavits as submitted by Plaintiffs and to limit testimony of the following witnesses:

1. Affidavit and reports of Paul Foster;

2. Affidavit and reports of Ceasar McDowell; and

3. Affidavit and reports of Jack McDevitt.

As grounds therefore, Defendants state:

A.  The Witnesses were not previously disclosed as required by the Federal Rules of Civil Procedure and the scheduling order of this Court;

55830

B.  As a result of the late disclosure of the witnesses and their reports, the City has been deprived of any opportunity to conduct discovery regarding the qualifications of such experts or with regards to the basis of their respective opinions;

C.  Based merely on the review of the documents provided, it is clear that to a large extent the proposed testimony is irrelevant to the within action.  For example, Dr. McDevitt's report is a statewide survey of traffic stops; Dr. Foster's report is a regional analysis (The Pioneer Valley) of economic development issues, and Dr. McDowell's report is limited to the North End and is a community action plan.  None of the reports address issues with regard to the method of election or voting;

D.  Finally, the reports themselves cannot be admitted, as they are hearsay and contain multiple levels of hearsay.  Even if the author's themselves are present and thus subject to cross-examination, their testimony should not be allowed for the previously stated reasons, i.e. lack of relevancy and surprise and unfair prejudice to the City.

The admission of these exhibits or testimony to such opinions would constitute unfair surprise and unnecessarily delay the proceedings in this case, as these have no causal link to and are unrelated to voting or the method of election of to the city council or the school committee.

Respectfully submitted.

_____
Edward M. Pikula BBO #399770
City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:       (413) 787-6085
Telefax:            (413) 787-6173

55830

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document has been served on the following counsel of record pursuant to the electronic case filing the 5th day of March 2007.

_____
Edward M. Pikula, Esq.

55830