UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE;<br>¿OISTE?; NEW ENGLAND STATE-AREA<br>CONFERENCE OF THE NAACP;<br>REV. TALBERT W. SWAN, II;<br>NORMAN W. OLIVER; DARLENE<br>ANDERSON; GUMERSINDO GOMEZ;<br>FRANK BUNTIN; RAFAEL RODRIQUEZ;<br>and DIANA NURSE<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF SPRINGFIELD and SPRINGFIELD<br>ELECTION COMMISSION<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-30080-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO EXCLUDE REPORTS OF THE UNITED STATES OFFICE OF PERSONNEL MANAGEMENT OBSERVERS REGARDING 2006 ELECTIONS CONDUCTED IN SPRINGFIELD, MASSACHUSETTS**

Plaintiffs have identified as exhibits and provided six (6) of the November 7, 2006 reports of the United States Office of Personnel Management. (Plaintiffs' Exhibits 59, 60, 62, 66, 67, and 68) These reports were originally submitted pursuant to its authority of Section 8 of the Voting Rights Act, 42 U.S.C. 1973f, which permits the Director of the Office of Personnel Management, at the request of the United States Attorney General, to assign "one or more persons (federal observers), who may be officers of the United States to enter and attend at any place for holding an election," where a federal examiner has been appointed. Id. See also 42 U.S.C. 1973d. Based on conversations with Plaintiffs' counsel, Defendants anticipate that Plaintiffs will further request this Court to consider the information in these documents to constitute a hearsay exception on the

grounds that these reports are a "public record or report," Federal Rules of Evidence 803(8). Defendants move this Court to exclude information in the report as evidence of what transpired in several of the polling places on election day in the absence of the ability to cross-examine witness/federal observers.

While the Director of the Office of Personnel Management is authorized to assign persons who have come to be called "federal observers" to polling places, there is no duty, pursuant to the Voting Rights Act, to report their observations. See Federal Rules of Evidence 803(8)(B)("matters observed pursuant to a duty imposed by law as to which matters there was a duty to report"). The Voting Rights Act does not authorize Department of Justice attorneys to be present in the polling places during the conduct of the election. Accordingly, over the years the Office of Personnel Management has developed a form and procedure for reporting primarily to inform Department of Justice attorneys who are present in the jurisdiction during which time federal observers and a federal examiner are present.

Except where Office of Personnel Management Reports are required to be filed with the federal court authorizing federal examiners and observers in those jurisdictions not covered by Section 5 of the Voting Rights Act, 42 U.S.C. 1973c ("Section 5"), these reports are not routinely released to the public, otherwise there is no statutory duty requiring that observer report their observations.

Since these reports are not otherwise treated as public documents, there is no statutory requirements or regulations determining the procedures for the recordation of observations, the type of information that observers are asked to note and record, the training received by persons serving as federal observers. In particular, where the quality

of bilingual assistance may be an issue, and the method by which the Director of Office of Personnel Management recruits non-government employees and assesses their qualifications for serving as federal observers has not been established through foundation evidence, the reliability of such records is called into question.

    Without the establishment of this information to support a claim that these reports are based upon "sources of information or other circumstances that indicate trustworthiness," these reports should be excluded as to any purpose other than to show that federal observers were present at certain polling places during the conduct of the November 7, 2006 election.

    Respectfully submitted,

    CITY OF SPRINGFIELD and
    SPRINGFIELD ELECTION
    COMMISSION

    By_____
    Edward M. Pikula (BBO #399770)
      City Solicitor
    Deanne Bogan Ross (BBO #555407)
    City of Springfield
    Law Department
    36 Court Street, Room 210
    Springfield, Massachusetts 01103

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on all counsel of record pursuant to electronic case filing the 6th day of March 2007.

    By_____
    Edward M. Pikula (BBO #399770)
      City Solicitor