UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIGUEZ; and DIANA NURSE, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF SPRINGFIELD and SPRINGFIELD ELECTION COMMISSION, <br><br>Defendants. | Civil Action No. 05-30080 MAP |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE REPORTS OF THE UNITED STATES OFFICE OF PERSONNEL MANAGEMENT OBSERVERS REGARDING 2006 ELECTIONS CONDUCTED IN SPRINGFIELD, MASSACHUSETTS**

Plaintiffs hereby submit the following opposition to Defendants' "Motion to Exclude Reports of the United States Office of Personnel Management Observers Regarding 2006 Elections Conducted in Springfield, Massachusetts" (the "Motion to Exclude"). Plaintiffs have offered as evidence reports submitted by the U.S. Office of Personnel Management Observers whose presence at the September 19, 2006 primary election and the November 7, 2006 general election was authorized by this Court pursuant to Section 3(a) of the Voting Rights Act. *See* Pl. Exhs. 59, 60, 62, 66-68 (collectively, the "Reports"). The Reports describe conduct at polling locations that may

have negatively impacted African American and Latino voters. They fall squarely within the hearsay exception for public records or reports.

I. **FACTUAL BACKGROUND: FEDERAL OBSERVERS WERE PRESENT AT 2006 ELECTIONS PURSUANT TO THIS COURT'S ORDER, AND REPORTS WERE FILED TO COMPLY WITH VOTING RIGHTS ACT**

The September 15, 2006 Revised Agreed Settlement Order (the "Consent Decree") in *United States of America v. City of Springfield, Massachusetts, et al.* authorized the presence of federal observers at the 2006 elections pursuant to 42 U.C.S. § 1973a(a). *See* Consent Decree ¶¶ 21, 22. These observers were obligated by law to issue reports regarding their investigations. *See* Section 8 of the Voting Rights Act, 42 U.S.C. § 1973f(e), as amended in July 2006 ("Observers shall investigate and report to the Attorney General, and if the appointment of observers has been authorized pursuant to section 1973a(a) of this title, to the court."). The Department of Justice filed the Reports with this Court on November 29, 2006 in the case *United States v. City of Springfield, et al.*, 06-30123-MAP. *See* Notice of Filing of Federal Observer Reports for the September 2006 Election and Notice of Filing of Federal Observer Reports for the November 2006 Election, filed in *U.S. v. City of Springfield, Massachusetts, et al.*, 06-CV-30123, Def. Exhs 102 and 103.

Not only have Defendants admitted the authenticity of the Reports, *see* Defendants' Response to Plaintiffs' First Set of Requests for Admission at 1-2, but they also have included the Notices of Filing of the Reports on their Trial Exhibit list as Exhibits 102 and 103. The Notices explain the circumstances under which the Reports were created and filed with the Court:

> Pursuant to Section 8 of the Voting Rights Act of 1965, 42 U.S.C. § 1973f ("Section 8"), as amended by Pub. L. 109-246, 120 Stat. 577 (2006), counsel for Plaintiff hereby files

> the reports created by federal observers who were present at polling sites in the City of Springfield, Massachusetts, for the November 7, 2006 general election. Federal observer presence at this election was authorized by this Court's September 15, 2006 Order in the instant case, granting relief under Section 3(a) of the Voting Rights Act, as amended, 42 U.S.C. § 1973a(a) ("Section 3(a)").
>
> Section 8 requires federal observers whose presence is authorized pursuant to Section 3(a) to report to the Attorney General and the Court, and the United States is therefore filing these reports to satisfy this statutory requirement. See 42 U.S.C. § 1973f, as amended.

*See* Def. Ex. 103; *see also* Def. Ex. 102 (stating same for September 19 primary election).

The reports include wide-ranging observations by poll workers, including, for example, the availability of bilingual assistance and descriptions of interactions between voters and poll workers.

## II.  THE REPORTS FALL WITHIN THE HEARSAY EXCEPTION FOR PUBLIC RECORDS OR REPORTS

The hearsay exception for public records and reports is contained in Fed. R. Evid. 803(8), which states in relevant part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness . . . . (8) **Public Records or Reports**. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8). The Reports are admissible under either 803(8)(B) or 803(8)(C).

### A. Reports set forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report

The Reports set forth matters observed during the 2006 elections by the federal observers pursuant to duties imposed by the Consent Decree and by 42 U.S.C. § 1973f, a provision that also mandates the reports themselves. Because the Reports (1) set forth matters observed by the federal observers pursuant to duties imposed by the Consent Decree and the Voting Rights Act, and (2) fulfilled the observers' legal duty to report on the elections, they are exceptions to the hearsay rule under Fed. R. Evid. 803(8)(B).

### B. Reports set forth factual findings resulting from investigations made pursuant to authority granted by law.

The Reports also are admissible under Fed. R. Evid. 803(8)(C) because they set forth "factual findings resulting from an investigation made pursuant to authority granted by law." Fed. R. Evid. 803(8)(C). The Consent Decree and Sections 3(a) and 8 of the Voting Rights Act as amended, 42 U.S.C. §§ 1973a(a) and 1973f, granted the federal observers the authority to investigate and report on the conduct of Springfield's elections.

Defendants' Motion erroneously states that federal observers have no legal duty to report on their findings. *See* Motion at 2. Even if Defendants' statement were true, the Reports would be admissible under Rule 803(8)(C), which requires only legal *authority*, not legal duty. The Consent Decree and the Voting Rights Act as amended granted the federal observers authority to investigate the conduct of elections in Springfield. Because the Reports set forth factual findings that resulted from investigations made pursuant to the authority granted by the Court and by statute, they are admissible under Rule 803(8)(C).

### III.  CONCLUSION

For the foregoing reasons, this Court should DENY Defendants' "Motion to Exclude Reports of the United States Office of Personnel Management Observers Regarding 2006 Elections Conducted in Springfield, Massachusetts."

Respectfully submitted,

ARISE FOR SOCIAL JUSTICE; ¿OISTE?; NEW ENGLAND STATE-AREA CONFERENCE OF THE NAACP; REV. TALBERT W. SWAN, II; NORMAN W. OLIVER; DARLENE ANDERSON; GUMERSINDO GOMEZ; FRANK BUNTIN; RAFAEL RODRIQUEZ; and DIANA NURSE

By their attorneys,


    /s/ Paul E. Nemser
Paul E. Nemser (BBO #369180)
Monica M. Franceschini (BBO #651208)
Anna-Marie L. Tabor (BBO #662364)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000



    /s/ Nadine Cohen
Nadine Cohen (BBO #090040)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW OF THE BOSTON BAR ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 988-0609

Dated:  March 7, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Opposition to Motion to Exclude Reports of the United States Office of Personnel Management Observers Regarding 2006 Elections Conducted in Springfield, Massachusetts was filed electronically with this Court on this 7th day of March, 2007 and that all parties will be served via the Court's electronic filing system.

                                                    /s/ Paul E. Nemser
                                            Paul E. Nemser (BBO #369180)